141 Nev., Advance Opinion 63

# IN THE SUPREME COURT OF THE STATE OF NEVADA

FIELD EFFECT SECURITY INC., A FOREIGN CORPORATION DOING BUSINESS IN NEVADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE SUSAN JOHNSON, DISTRICT JUDGE,
Respondents,
    and
ERIC ANDERSON, INDIVIDUALLY,
Real Party in Interest.

No. 89495

**FILED**

DEC 04 2025

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying a motion for summary judgment and a motion to strike a jury demand.

*Petition denied.*

O'Hagan Meyer PLLC and Whitney Selert, Marcus J. Lee, and Inku Nam, Las Vegas,
for Petitioner.

Law Office of Daniel Marks and Daniel Marks and Nicole M. Young, Las Vegas,
for Real Party in Interest.

25-52801

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

*OPINION*

By the Court, CADISH, J.:

NRS 613.010(1) makes it unlawful for an employer to induce, influence, persuade, or engage a worker "to change from one place to another in this state" under false or deceptive pretenses concerning the terms and conditions of employment. In this opinion, we consider whether this statutory language encompasses an employee's change of place of employment or applies only when there is a change in the employee's place of residence. Though NRS 613.010(1) does not define the phrase "to change from one place to another in this state," NRS 613.010(3) states that a civil cause of action is available to an employee who sustains damages as a consequence of changing "his or her place of employment, or place of abode." Interpreting the statute to harmonize and give effect to both NRS 613.010(1) and NRS 613.010(3), we conclude that NRS 613.010 authorizes a civil cause of action when an employee changes their place of employment, even absent a change to their place of abode, provided the other statutory requirements are satisfied.

In the underlying matter, the district court properly interpreted NRS 613.010 and denied the employer's motion for summary judgment, because the employee changed his place of employment to work for the employer. We also conclude that the district court did not manifestly abuse its discretion in denying the employer's motion to strike the employee's jury demand. Accordingly, we deny the employer's petition for a writ of mandamus.

## FACTS AND RELEVANT PROCEDURAL HISTORY

Petitioner Field Effect Security Inc. develops cybersecurity software and hired real party in interest Eric Anderson for a marketing and sales role at its company. At the time the parties negotiated Anderson's employment contract, he was employed by Field Effect's competitor. Anderson and Field Effect executed a written employment agreement defining the terms and conditions of Anderson's employment as a Managed Security Service Provider Sales Representative and Account Lead—a position that Anderson contends did not actually exist at the company. Field Effect instead placed Anderson in an entry-level position on its sales team. Though Anderson switched places of employment to work for Field Effect, he lived at the same address in Las Vegas before, during, and after his employment with Field Effect.

Anderson sued Field Effect, asserting a single claim for violation of NRS 613.010, Nevada's "employment-luring" statute. Anderson alleged in his complaint that Field Effect lured him away from Field Effect's competitor with false promises about Anderson's position and compensation structure. Shortly thereafter, Anderson filed a demand for a jury trial.

Field Effect moved for summary judgment on Anderson's claim, arguing that NRS 613.010 does not apply as a matter of law to employees who did not physically relocate to accept new employment. Anderson countered that NRS 613.010 applies to employees who change their place of employment, such that a change in residence was unnecessary. The district court denied Field Effect's motion, determining that while NRS 613.010(1) does not define the phrase "to change from one place to another in this state," NRS 613.010(3) provides context for the phrase by creating a civil cause of action for employees to recover damages incurred in changing "his or her place of employment, or place of abode."

Field Effect later moved to strike Anderson's jury demand based on a jury trial waiver provision in the employment contract. The district court denied Field Effect's motion, determining that Field Effect waived the argument by waiting to raise it until after it had already signed a joint case conference report acknowledging the jury demand. Field Effect petitions for a writ of mandamus, challenging both district court orders.

## DISCUSSION

*We exercise our discretion to entertain the petition for mandamus*

Writ relief is an extraordinary remedy, and it is within our sole discretion to entertain a writ petition on its merits. *Smith v. Eighth Jud. Dist. Ct.*, 107 Nev. 674, 677, 679, 818 P.2d 849, 851, 853 (1991). A petitioner carries "the burden of demonstrating that extraordinary relief is warranted." *Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). "[We] may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Scarbo v. Eighth Jud. Dist. Ct.*, 125 Nev. 118, 121, 206 P.3d 975, 977 (2009) (internal quotation marks omitted); NRS 34.160. Even where a party fails to meet the traditional criteria for mandamus relief, "we will consider granting advisory mandamus when a petition presents legal issues of statewide importance requiring clarification and the decision promotes judicial economy and administration by assisting other jurists, parties, and lawyers." *Heights of Summerlin, LLC v. Eighth Jud. Dist. Ct.*, 140 Nev., Adv. Op. 65, 556 P.3d 959, 962 (2024) (internal quotation marks omitted).

Though we generally decline to consider petitions that challenge orders denying summary judgment motions, the proper interpretation of NRS 613.010 is a matter of first impression requiring our

(O) 1947A

clarification. *See ANSE, Inc. v. Eighth Jud. Dist. Ct.*, 124 Nev. 862, 867, 192 P.3d 738, 742 (2008). The parties agree that Anderson remained at the same residence before and after his employment with Field Effect, so there is no factual dispute as to this issue. *See Clark Cnty. v. Eighth Jud. Dist. Ct.*, 141 Nev., Adv. Op. 31, 570 P.3d 135, 140 (2025) (explaining that we may consider writ petitions challenging the denial of a motion for summary judgment when there is no factual dispute and the petition presents a clear question of law). Moreover, our clarification of whether NRS 613.010 requires physical relocation to assert a civil cause of action will further judicial economy and assist other litigants, *Heights of Summerlin, LLC*, 140 Nev., Adv. Op. 65, 556 P.3d at 962, as this issue has been raised in two federal district court cases that held differently than we do today, *see Severson v. Absolute Dental Grp., LLC*, No. 2:22-cv-01916-GMN-VCF, 2023 WL 2772004 (D. Nev. Apr. 1, 2023); *Turner v. Harvard MedTech of Nev., LLC*, No. 2:22-CV-1264 JCM (BNW), 2023 WL 9954982 (D. Nev. July 27, 2023). We have also recognized that extraordinary writ review may be available to challenge the denial of a motion to strike a jury demand because there is no adequate remedy in the ordinary course of law. *Lowe Enters. Residential Partners, L.P. v. Eighth Jud. Dist. Ct.*, 118 Nev. 92, 97, 40 P.3d 405, 408 (2002). We therefore exercise our discretion to entertain the petition.

*NRS 613.010 authorizes a civil cause of action for an employee who changes their place of employment or abode*

Field Effect argues that the district court manifestly abused its discretion in denying summary judgment because the requirement "to change from one place to another" in NRS 613.010(1) requires that the employee change their place of abode. According to Field Effect, merely

changing a place of employment is insufficient to assert a claim under NRS 613.010. We disagree.

We review issues of statutory interpretation de novo, even in the context of a writ petition. *Int'l Game Tech., Inc. v. Second Jud. Dist. Ct.*, 124 Nev. 193, 198, 179 P.3d 556, 559 (2008). "When a statute is clear and unambiguous, this court will give effect to the plain and ordinary meaning of the words." *Reif v. Aries Consultants, Inc.*, 135 Nev. 389, 391, 449 P.3d 1253, 1255 (2019) (internal quotation marks omitted). Further, we consider the statute's "provisions as a whole so as to read them in a way that would not render words or phrases superfluous or make a provision nugatory." *In re Est. of Murray*, 131 Nev. 64, 67, 344 P.3d 419, 421 (2015) (internal quotation marks omitted).

NRS 613.010(1) makes it unlawful for an employer "to induce, influence, persuade or engage workers *to change from one place to another in this state*, . . . through means of false or deceptive representations, false advertising or false pretenses concerning" the terms and conditions of employment, including compensation. (Emphasis added.) NRS 613.010(2) makes it a gross misdemeanor to violate any provision of subsection 1, and subsection 3 provides that any worker who is aggrieved by the conduct in subsection 1

> shall have a cause of action for recovery and may recover at law for all damages that the worker shall have sustained in consequence of the false or deceptive representations, false advertising or false pretenses used to induce the worker to change his or her place of employment, or place of abode in case such worker shall not be then employed at the time of such inducement and hiring, against any person or persons, corporations, companies or associations directly or indirectly causing such damages.

NRS 613.010(3).

(O) 1947A

Reading NRS 613.010(1) and (3) in harmony, we conclude that changing a place of employment satisfies the requirements for a civil claim under NRS 613.010. Subsection 1 does not define the phrase "to change from one place to another in this state." But the plain meaning of "place" is a "physical environment," which encompasses both a place of abode *and* a place of employment. *Place, Merriam-Webster's Collegiate Dictionary* 887 (9th ed. 1983); *Cornella v. Just. Ct. of New River Twp.*, 132 Nev. 587, 594, 377 P.3d 97, 102 (2016) ("When the Legislature does not specifically define a term, this court 'presume[s] that the Legislature intended to use words in their usual and natural meaning.'" (quoting *Wyman v. State*, 125 Nev. 592, 607, 217 P.3d 572, 583 (2009))). Subsection 3 supports this plain language interpretation by providing that the employee "may recover at law for all damages that the worker shall have sustained in consequence of" the subsection 1 conduct "used to induce the worker *to change his or her place of employment, or place of abode* in case such worker shall not be then employed at the time of such inducement and hiring." NRS 613.010(3) (emphasis added). NRS 613.010(3) thus clarifies that NRS 613.010(1) contemplates both scenarios. This interpretation gives effect to both subsections consistent with the whole-text canon of statutory interpretation, thereby producing a coherent framework for adjudicating claims brought under NRS 613.010. *Tough Turtle Turf, LLC v. Scott*, 139 Nev. 459, 462, 537 P.3d 883, 886 (2023) ("Under the whole-text canon, we interpret provisions within a common statutory scheme harmoniously with one another in accordance with the general purpose of [the] statutes." (internal quotation marks omitted)); *Seput v. Lacayo*, 122 Nev. 499, 502, 134 P.3d 733, 735 (2006) (explaining that statutes should be interpreted with related provisions to ensure a consistent and coherent legal framework).

Field Effect's reliance on nonbinding authorities to argue otherwise is unpersuasive. Field Effect points to *Severson v. Absolute Dental Group, LLC*, No. 2:22-cv-01916-GMN-VCF, 2023 WL 2772004 (D. Nev. Apr. 1, 2023), in support of a narrower interpretation of NRS 613.010(1). In *Severson*, an Arizona-based employee worked remotely for a Nevada company while planning to move to Nevada and filed a claim under NRS 613.010 after she was terminated. *Id.* at *1. The district court concluded that NRS 613.010 does not apply if the employee does not physically relocate; thus, the employee's claim failed as a matter of law because she never alleged that she actually moved to Nevada. *Id.* at *4-6. In reaching this conclusion, the district court relied on California's employment-luring statute, which similarly prohibits employers from inducing workers *"to change from one place to another in this State or from any place outside to any place within this State"* based on false representations about the terms and conditions of employment. *Id.* (emphasis added) (citing Cal. Labor Code § 970). Similarly, in *Turner v. Harvard MedTech of Nevada, LLC*, the district court applied *Severson* and California law in determining that the employee's claim under NRS 613.010 failed as a matter of law because the plaintiff alleged only that he changed his "place of employment," rather than abode. No. 2:22-CV-1264 JCM (BNW), 2023 WL 9954982, at *3 (D. Nev. July 27, 2023).

But *Severson* and *Turner* did not address NRS 613.010(3), the subsection that distinguishes Nevada's employment-luring statute from California's. Though California similarly authorizes a cause of action in Cal. Labor Code § 972, that provision merely states that a person who violates Cal. Labor Code § 970 is liable to the aggrieved party "for double damages resulting from such misrepresentations." California's employment-luring statute does not contain the language found in NRS

Supreme Court
of
Nevada

(O) 1947A

8

613.010(3) that describes the civil cause of action and clarifies what it means "to change from one place to another in this state." Because we harmonize NRS 613.010(1) and NRS 613.010(3) to arrive at the statute's plain meaning, we disagree with *Severson* and do not rely on the authorities cited therein—nor do we speculate whether our Legislature had the same intent as California's legislature in adopting NRS 613.010. *In re Cay Clubs*, 130 Nev. 920, 927, 340 P.3d 563, 568 (2014) ("We do not look to other sources, such as legislative history, unless a statutory ambiguity requires us to look beyond the statute's language to discern the legislative intent."). The district court correctly interpreted the plain language of NRS 613.010 and denied Field Effect's motion for summary judgment, as the statute authorizes a civil cause of action when an employee changes his or her place of employment in reliance on an employer's false or deceptive representations about the terms and conditions of employment. Field Effect has therefore failed to show entitlement to mandamus relief with respect to NRS 613.010.

*The district court did not manifestly abuse its discretion in denying Field Effect's motion to strike the jury demand*

We similarly reject Field Effect's challenge to the district court's denial of its motion to strike the jury demand. Field Effect waited more than ten months after Anderson filed a jury demand to raise the jury trial waiver provision. By then, Field Effect had signed a joint case conference report noting the filing of the jury demand and the district court had scheduled a jury trial, and Field Effect still waited almost eight months thereafter before filing its motion. We conclude that the district court did not manifestly abuse its discretion in determining that Field Effect waived its argument about the jury trial waiver provision under these circumstances. *State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (equating a "manifest abuse of discretion"

Supreme Court
OF
Nevada

(O) 1947A

9

with a clearly erroneous interpretation or application of the law). Therefore, mandamus relief is not warranted on this issue.

## CONCLUSION

Using the whole-text canon of statutory interpretation, we conclude that NRS 613.010 authorizes a civil cause of action when a worker changes his or her place of employment in response to an employer's false or deceptive representations about the terms and conditions of employment, even if the worker does not physically relocate. Though NRS 613.010(1) does not define the meaning of the phrase, "to change from one place to another in this state," NRS 613.010(3) establishes a civil cause of action for a worker who was induced to "change his or her place of employment, or place of abode." Our interpretation thus harmonizes and gives effect to both subsections to ensure a coherent framework for adjudicating claims under NRS 613.010. In addition, the district court did not manifestly abuse its discretion in denying Field Effect's motion to strike the jury demand based on Field Effect's waiver of that issue. Accordingly, we deny Field Effect's petition for a writ of mandamus.

_____, J.
Cadish

We concur:

_____, J.
Pickering

_____, J.
Lee